**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-4631**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ANTHONY MICHAEL THORNE,

Defendant - Appellant.

Appeal from the United States District Court for the Southern District of West Virginia, at Charleston. John T. Copenhaver, Jr., District Judge. (2:03-cr-00193-1)

Submitted: April 19, 2018                                    Decided: May 23, 2018

Before MOTZ, KING, and HARRIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Christian M. Capece, Federal Public Defender, David R. Bungard, Assistant Federal Public Defender, Jonathan D. Byrne, Research & Writing Specialist, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Charleston, West Virginia, for Appellant. Michael B. Stuart, United States Attorney, W. Clinton Carte, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charleston, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Anthony Michael Thorne appeals his eighteen-month sentence imposed upon revocation of his supervised release. On appeal, Thorne asserts that the district court clearly erred when it found that he possessed drugs with the intent to distribute them because the Government proved only that he possessed user quantities of various drug types. Thorne further argues that the sentence the district court imposed is plainly unreasonable because he did not possess the drugs with the intent to distribute them, and therefore he did not commit a Grade A violation. We affirm.

A court may revoke a defendant's supervised release if it "finds by a preponderance of the evidence that the defendant violated a condition of supervised release." 18 U.S.C. § 3583(e)(3) (2012). The preponderance standard requires only that "the existence of a fact is more probable than its nonexistence." *United States v. Manigan*, 592 F.3d 621, 631 (4th Cir. 2010) (internal quotation marks omitted). We review a district court's revocation decision for abuse of discretion and its factual findings for clear error. *United States v. Padgett*, 788 F.3d 370, 373 (4th Cir. 2015). We "may discern clear error when a court makes findings without properly taking into account substantial evidence to the contrary." *United States v. Caporale*, 701 F.3d 128, 140 (4th Cir. 2012).

The district court found that the Government had proven, by a preponderance of the evidence, that Thorne had possessed certain drugs with an intent to distribute them. While Thorne did not possess voluminous quantities of any one drug, he did possess several controlled substances, and an officer testified that Thorne possessed one substance in a quantity too large for personal consumption. *See United States v. Burgos*, 94 F.3d 849,

2

873 (4th Cir. 1996) (intent to distribute may be inferred if quantity of drugs is greater than would be used for personal consumption). We conclude, therefore, that the district court did not clearly err in finding Thorne possessed the drugs with the intent to distribute them, and thereby committed a Grade A violation.

"A district court has broad discretion when imposing a sentence upon revocation of supervised release." *United States v. Webb*, 738 F.3d 638, 640 (4th Cir. 2013). This court will affirm a revocation sentence "unless it falls outside the statutory maximum or is otherwise plainly unreasonable." *Padgett*, 788 F.3d at 373 (internal quotation marks omitted). In considering whether a revocation sentence is plainly unreasonable, the court first considers whether the sentence is procedurally and substantively unreasonable, applying the same general considerations employed in its review of original sentences. *United States v. Crudup*, 461 F.3d 433, 438-39 (4th Cir. 2006). Only if the court finds the sentence unreasonable will it consider whether it is "plainly" so. *Id.* at 439.

A revocation sentence is procedurally reasonable if the district court considers the policy statements in Chapter Seven of the Sentencing Guidelines and the applicable 18 U.S.C. § 3553(a) (2012) factors and adequately explains the sentence imposed. *See* 18 U.S.C. § 3583(e) (2012); *United States v. Thompson*, 595 F.3d 544, 546-47 (4th Cir. 2010). A revocation sentence is substantively reasonable if the district court stated a proper basis for concluding that the defendant should receive the sentence imposed. *Crudup*, 461 F.3d at 440. The court "must provide a statement of reasons for the sentence imposed," although that explanation "need not be as detailed or specific when imposing a revocation sentence as it must be when imposing a post-conviction sentence." *Thompson*, 595 F.3d at 547

3

(internal quotation marks omitted). "A sentence within the policy statement range is presumed reasonable, though the sentencing court retains broad discretion to impose a term of imprisonment up to the statutory maximum." *Padgett*, 788 F.3d at 373 (alterations, citation, and internal quotation marks omitted).

We conclude that the district court imposed a reasonable revocation sentence. After determining that Thorne committed a Grade A violation, the district court revoked Thorne's supervised release, correctly calculated the policy statement range, considered the appropriate sentencing factors, and sentenced Thorne to a term of imprisonment below the policy statement range. In pronouncing the sentence, the district court cited 18 U.S.C. § 3583(e) and stated that a sentence below the policy statement range was appropriate because Thorne had been employed and had served more than three years of supervised release before his probation officer filed the revocation petition. The district court thus provided a sufficient explanation. Thorne's sentence is below the policy statement range and Thorne does not rebut the presumption of substantive reasonableness.

Accordingly, we affirm Thorne's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*